# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-0654V
UNPUBLISHED

|  |  |
|---|---|
| PETER TINUCCI,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: September 17, 2021<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA, for Petitioner.*

*Laurie Wiesner, U.S. Department of Justice, Washington, DC, for Respondent.*

## RULING ON ENTITLEMENT[1]

On May 28, 2020, Peter Tinucci filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he received an influenza ("flu") vaccine on October 2, 2018, and he subsequently suffered a right shoulder injury related to vaccine administration ("SIRVA"). Petition at 1.  Petitioner further alleges that his symptoms lasted for more than six months. Petition at 1, 3. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 16, 2021, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent states that Petitioner suffered a SIRVA of the right

---

[1] Because this unpublished Ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

shoulder as defined by the Vaccine Injury Table. *Id.* at 3. Respondent further agrees that "petitioner had no history of pain, inflammation, or dysfunction of his right shoulder prior to vaccination that would explain his signs, symptoms, or findings after vaccination; the onset of pain occurred within 48 hours after receipt of an intramuscular vaccination; the pain was limited to the shoulder where the vaccine was administered; and, no other condition or abnormality has been identified to explain petitioner's right shoulder symptoms." *Id.* Respondent did not identify any other causes for Petitioner's SIRVA and based on the medical records, concluded that Petitioner meets the statutory requirements by suffering the condition for more than six months. *Id*. Therefore, Respondent states that based on the record as it now stands, Petitioner has satisfied all legal prerequisites for compensation under the Vaccine Act. *Id*.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master